IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| J.M., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. 1:23-cv-02160-SAG |
| BOARD OF EDUCATION OF BALTIMORE COUNTY, *et al.*, | * | |
| Defendant. | * | |

************

## MEMORANDUM OPINION

Plaintiffs J.M., a minor, and J.M.'s parents (collectively "Plaintiffs") filed this lawsuit against Defendants Board of Education of Baltimore County and Superintendent Myriam Yarbrough (collectively "Defendants"), seeking review of a decision from the Maryland Office of Administrative Hearings and alleging that Defendants violated the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* and state law by, *inter alia,* failing to provide a free appropriate public education to J.M. ECF 7.  Defendants removed the lawsuit to this Court, ECF 1, and Plaintiffs have filed a motion to remand to state court, ECF 19.  Defendants opposed the motion, ECF 20, and no reply was timely filed.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2023).  For the reasons that follow, Plaintiffs' Motion for Remand will be denied.

### I. LEGAL STANDARD

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Courts "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court."  *Receivership of Mann Bracken, LLP v. Cline*, Civ. No. RWT-12-0292, 2012 WL 2921355, *2 (D. Md. 2011) (quoting *Stephens v. Kaiser Found. Health Plan of the Mid–*

*Atl. States, Inc.*, 807 F.Supp.2d 375, 378 (D. Md. 2011)). As the Fourth Circuit has explained, "The burden of establishing federal jurisdiction is placed upon the party seeking removal . . . Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction . . . If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). Nevertheless, because the decision to remand is largely unreviewable, district courts should be cautious about denying a defendant access to a federal forum. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F. Supp. 913, 914-15 (D. Md. 1997).

## II. ANALYSIS

Defendants contend that federal jurisdiction over this case is appropriate because the case presents a federal question. This Court agrees. Plaintiffs' Amended Complaint expressly alleges "that Baltimore County Public Schools ("BCPS" or "school system"), failed to provide J.M. with the free appropriate public education ("FAPE"), to which he is entitled under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 et seq." ECF 18 ¶ 1. And in Plaintiffs' first claim for relief, they assert, "Defendant's failure to provide J.M. with a free appropriate public education violates plaintiffs' rights under the IDEA and Maryland law." ECF 18 ¶ 36. The allegation that Defendants violated a federal statute (the IDEA) is clear from the face of Plaintiffs' Complaint.

Plaintiffs' other arguments are unavailing. This case does not involve a contractually agreed forum-selection agreement, and the fact that a plaintiff can bring a special education case in either state or federal court does not deprive Defendants of their right to remove appropriate cases to this Court. And Plaintiffs' assertion that they are merely seeking review of the ALJ's decision contravenes the express language of their Complaint, which asserts an IDEA violation.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Remand, ECF 19, is DENIED. A separate Order is filed herewith.

Dated: November 1, 2023

/s/
Stephanie A. Gallagher
United States District Judge